## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DIORITE TECHNOLOGY, LLC,

              *Plaintiff,*

    v.

AVAYA LLC

              *Defendant.*

Case No.

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Diorite Technology, LLC ("Diorite") files this complaint against Defendant Avaya LLC ("Defendant" or "Avaya") alleging infringement of U.S. Patent No. 8,761,746 (the "'746 Patent", "Patent-in-Suit", or "Asserted Patent").

### Plaintiff Diorite and the Patents-in-Suit

1.    Plaintiff Diorite Technology, LLC is a limited liability company organized under the laws of the State of Texas, with an address at 6800 Weiskopf Ave., Suite 150, McKinney, Texas 75070.

2.    Defendant Avaya LLC is a Limited Liability Company organized under the laws of the State of Delaware, with a principal place of business at 350 Mt. Kemble Avenue, Morristown, New Jersey 07960. Avaya has as its registered agent for service: Corporation Service Company, located at 251 Little Falls Dr., Wilmington, DE 19808.

### Jurisdiction and Venue

3.    This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Avaya in this action because is a limited liability company formed under the laws of Delaware.  Further, Avaya has committed acts of infringement within this District giving rise to this action, has a regular and established place of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over Avaya would not offend traditional notions of fair play and substantial justice. Avaya, directly and/or through subsidiaries or intermediaries, conducts its business extensively throughout this District, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in this District, regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in this District, and commits acts of infringement of Plaintiff's Patent in this District by, among other things, making, using, importing, offering to sell, and selling products and/or services that infringe the Asserted Patent, including without limitation the Accused Instrumentalities listed in Exhibit 2, *e.g.*, Avaya Cloud Office and Avaya IP Office platforms and Avaya IP phones operating on Avaya Cloud Office and IP Office.

5.      Avaya, directly and/or through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patent with the intention and expectation that they will be purchased and used by consumers in this District. These products and/or services have been and continue to be purchased and used in this District.

6.      Venue as to Avaya is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Avaya resides in this District and is a limited liability company formed under the laws of Delaware.

## Count 1 – Claim for infringement of the '746 Patent.

7.      Diorite incorporates by reference each of the allegations in paragraphs 1–7 above and further alleges as follows:

8.      Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 8,761,746 (the "'746 Patent"), entitled "Extended Cascaded Ringing." The '746 Patent was duly and legally issued by the United States Patent and Trademark Office on June 24, 2014. A true and correct copy of the '746 Patent is attached as Exhibit 1.

9.      On information and belief, Avaya makes, uses, offers for sale, sells, and/or imports certain products ("Accused Instrumentalities"), including Avaya IP Phone products and services using Avaya Cloud Office and Avaya IP Office platforms, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '746 Patent.

10.     Avaya was given notice of its infringement of the '746 Patent by way of letter dated October 21, 2025.

11.     Avaya also knowingly and intentionally induces infringement of at least Claim 1 of the '746 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Avaya has had knowledge of the '746 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '746 Patent, Avaya continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '746 Patent.  *See, e.g.,* https://documentation.avaya.com/bundle/AdministeringAvayaEnterpriseCloudAdminPortal/page/Hunt_group_and_skill_overview.html; https://documentation.avaya.com/bundle/IPOfficeWorkplaceUser/page/Enabling_the_status_of_a_hunt_group_

manually.html; https://documentation.avaya.com/bundle/Using_Avaya_IX_Workplace_Client_Android_iOS_Mac_Windows/page/Hunt_Groups_overview.html; https://documentation.avaya.com/bundle/UsingAvayaCloudOfficeDesktopApp/page/Configuring_incoming_call_handling_for_after_hours.html; https://documentation.avaya.com/bundle/IPOfficeWebManagerR12/page/Telephone_Redirecting_Calls.html. Avaya does so knowing and intending that its customers and end users will commit these infringing acts. Avaya also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '746 Patent, thereby specifically intending for and inducing its customers to infringe the '746 Patent through the customers' normal and customary use of the Accused Instrumentalities.

12.    Avaya has also infringed, and continue to infringe, at least Claim 1 of the '746 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '746 Patent, are especially made or adapted to infringe the '746 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Avaya has been, and currently is, contributorily infringing the '746 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

13.    The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '746 Patent. A claim chart comparing independent claim 1 of the '746 Patent to representative Accused Instrumentalities is attached as Exhibit 2.

14.    By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Avaya has injured Plaintiff and are liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271.

15.    Diorite has complied with 35 USC § 287 as to the '746 Patent, at least because there are no unmarked patented articles subject to a duty to mark.

16.    As a result of Avaya's infringement of the '746 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Avaya's infringement, but in no event less than a reasonable royalty for the use made of the invention by Avaya, together with interest and costs as fixed by the Court.

<h3 style="text-align:center">Jury Trial Demanded</h3>

17.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Diorite requests a trial by jury of any issues so triable by right.

<h3 style="text-align:center">Prayer for Relief</h3>

Plaintiff Diorite respectfully requests the following relief from this Court:

A.    A judgment in favor of Diorite that Avaya has infringed, either literally and/or under the doctrine of equivalents, the Asserted Patent, and that the Asserted Patent is valid, enforceable, and patent-eligible;

B.    A judgment and order requiring Avaya to pay Diorite compensatory damages, costs, expenses, and pre-judgment and post-judgment interest for its infringement of the Asserted Patent, as provided under 35 U.S.C. § 284;

C.    Any and all injunctive and/or equitable relief to which Diorite may be entitled including, but not limited to, ongoing royalties with respect to Avaya's infringement of the Asserted Patent;

D.    A judgment and order requiring Avaya to provide an accounting and to pay supplemental damages to Diorite, including, without limitation, pre-judgment and post-judgment interest;

E.    A judgment and order finding that this case is exceptional under 35 U.S.C. § 285, and an award of Diorite's reasonable attorney's fees and costs; and

F.      Any and all other relief to which Diorite may be entitled.


Dated: October 23, 2025                    Respectfully submitted,

OF COUNSEL:                                FARNAN LLP

Reza Mirzaie                               /s/ Michael J. Farnan
Christian W. Conkle                        Brian E. Farnan (Bar No. 4089)
Jefferson Cummings                         Michael J. Farnan (Bar No. 5165)
RUSS AUGUST & KABAT                        919 N. Market Street, 12th Floor
12424 Wilshire Boulevard, 12th Floor       Wilmington, Delaware 19801
Los Angeles, CA  90025                     (302) 777-0300
Telephone: 310-826-7474                    bfarnan@farnanlaw.com
Email: rmirzaie@raklaw.com                 mfarnan@farnanlaw.com
Email: cconkle@raklaw.com
Email: jcummings@raklaw.com                *Attorneys for Plaintiff Diorite Technology,
                                           LLC*